VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF HAMPTON

FILED
FEB - 4 2016
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

2:16-mc-3

VIRGINIA STATE BAR, EX REL
FIRST DISTRICT COMMITTEE,

    Complainant,

v.　　　　　　　　　　　　　　　　　　　VSB Docket No. 07-010-070591
　　　　　　　　　　　　　　　　　　　　Case No. CL08-1509

MICHAEL CHRISTOPHER BRUNO,

    Respondent.

## SUMMARY ORDER

On August 7, 2008, this matter was heard by this Court upon the joint request of the parties for the Court to accept the Agreed Disposition signed by the parties and offered to this Court as provided by the Rules of the Supreme Court of Virginia.

**WHEREFORE**, upon consideration of the arguments of the parties, and after due deliberation, it is **ORDERED** that:

    __X__    The Court **accepts** the Agreed Disposition, and the Respondent's license to practice law in the Commonwealth of Virginia shall be suspended for five years with terms as set forth in the Agreed Disposition, said suspension to begin August 31, 2008, as shall be more fully detailed in a Memorandum Order to be issued by this Court.

                The Respondent shall comply with the requirements of Part Six, Section IV, Paragraph 13(M) of the Rules of the Supreme Court of Virginia. The Respondent shall forthwith give notice by certified mail, return receipt requested, of the Suspension or Revocation of license to practice law in the Commonwealth of Virginia, to all clients for whom the Respondent is currently handling matters and to all opposing attorneys and presiding judges in pending litigation. The Respondent shall also make appropriate arrangements for the disposition of matters then in the Respondent's care in conformity with the wishes of his or her clients. Respondent shall give such notice within 14 days of the effective date of the Suspension or Revocation, and make such arrangements as are required herein within 45 days of the effective date of the Suspension or Revocation. The

1

Respondent shall also furnish proof to the Bar within 60 days of the effective date of the Suspension or Revocation that such notices have been timely given and such arrangements made for the disposition of matters. If the Respondent is not handling any client matters on the effective date of the Suspension or Revocation, he or she shall submit an affidavit to that effect to the Clerk of the Disciplinary System at the Virginia State Bar. All issues concerning the adequacy of the notice and arrangements required by Paragraph 13(M) shall be determined by the Virginia State Bar Disciplinary Board.

The Court notes for the record in this matter that the Respondent was present by telephone and was advised of the imposition of the sanction.

The Clerk of the Disciplinary System shall comply with all requirements of Part Six, Section IV, Paragraph 13 of the Rules of the Supreme Court, as amended, including but not limited to assessing costs pursuant to Paragraph 13(B)(8)(c) of the Rules and complying with the public notice requirements of Paragraph 13(B)(8)(d) of the Rules.

_____ The Court **rejects** the Agreed Disposition, and the parties shall consult with the Clerk of this Court to set a new date and time for a hearing on the Rule to Show Cause previously issued.

The Clerk of the Circuit Court shall mail a copy *teste* of this Order by certified mail, return receipt requested, to the Respondent, Michael Christopher Bruno, at his last address of record with the Virginia State Bar, Suite 316, 2019 Cunningham Drive, Hampton, VA 23666, and by regular mail to Richard E. Slaney, Assistant Bar Counsel, Virginia State Bar, 707 East Main Street, Suite 1500, Richmond, VA 23219.

ENTERED: August 7, 2008

_____
The Honorable Jane Marum Roush
Chief Judge

I certify that the document to which this authentication is affixed is a true copy of an original record in the Hampton Circuit Court, that I have custody of the record and I am the custodian of that record.
Linda Batchelor Smith, Clerk
By _____
Dep. Clerk

2