UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

In re:  **MICHAEL CHRISTOPHER BRUNO,**

                                        Case No. 2:16mc03

        **Petitioner.**

## PRE-HEARING STATEMENT OF FACTS AND LAW

COMES NOW Kelly M Barnhart, counsel to the United States District Court for the Eastern District of Virginia, Norfolk Division, and hereby submits this Pre-hearing Statement of Facts and Law as follows:

I.  Introduction

This matter comes before this Honorable Court on the Petition for Reinstatement Pursuant to Federal Rule of Disciplinary Enforcement Rule VII (the "**Petition**"; Docket Item No. 4) filed by Michael Christopher Bruno ("**Petitioner**"), proceeding pro se, to reinstate his privilege to practice law in this Court, which petition is dated June 29, 2020.  By Order entered on July 21, 2020 (Docket Item No. 8), Kelly M. Barnhart, Esquire was appointed to represent the Court in this matter as provided in Federal Rules of Disciplinary enforcement ("**FRDE**") VII. C. and D, as incorporated in Appendix B to the Local Rules of the United States District Court for the Eastern District of Virginia (the "**Local Rules**").

II.  Facts

Beginning August 31, 2008, the Petitioner was suspended from the practice of law in the Commonwealth of Virginia by the Virginia State Bar Disciplinary Board for a period of five (5) years with terms, as evidenced by the Summary Order identified as Docket Item No. 1.  This suspension arose from the Consent Order, entered on August 11, 2008 by a Three Judge Circuit

Court sitting in the Circuit Court for the City of Portsmouth for engagement in the following conduct:

The Disciplinary Board found, inter alia, the following mitigating evidence persuasive on behalf of the Petitioner: (a) The majority of the conduct was due to Petitioner's panicking after determining that the deadline for filing the habeas corpus petition; (b) panicking after receipt of his client's bar complaint; (c) Petitioner was going through a difficult and acrimonious separation from his wife at the time of the events leading to his suspension; and (d) he had been licensed since 2003 and had not previously been disciplined by the Virginia State Bar.

The Virginia State Bar Disciplinary Board and the Three Judge Circuit Court ordered Petitioner to, among other things: (a) repay to the former client who had initiated the Bar complaint, the sum of $3,000.00, to be paid by monthly payments of $250.00 each beginning September 30, 2008 until the sum was paid in full; (b) resign his commission as a notary public for the Commonwealth of Virginia; (c) comply with the Requirements of Part Six, Section IV, Paragraph 13.M of the Rules of the Virginia Supreme Court regarding providing notice of his suspension to clients, opposing counsel and presiding judges in pending litigation. In addition, Mr. Bruno was required to complete, successfully, 12 hours per year for each year he was suspended and/or not practicing.  As a result, Petitioner's privilege to practice law in this Court was suspended until reinstatement by order of the Court (See FRDE Rule VII(A)).

In order to lift his suspension and be reinstated, Mr. Bruno had completed the necessary CLE hours (12 hours for each year not practicing, 96 hours), completed the MPRE on March 29, 2014, paid the outstanding costs assessed and interest therein (totaling $1,682.44) to the Clerk of the Disciplinary System, paid the $3,000.00 to the former client, resigned his commission as a notary public and complied with the Requirements of Part Six, Section IV, Paragraph 13.M of

the Rules of Virginia Supreme Court. Although eligible to request reinstatement as early as late August 2013, Mr. Bruno at the time continued his employment as a paralegal and did not immediately seek reinstatement.

On March 31, 2015, the Virginia State Bar reinstated the Petitioner's privilege to practice law in Virginia. **See Exhibit 1**. He was issued a bar license by the Virginia State Bar on April 10, 2015. **See Exhibit 2**. Virginia State Bar records indicate that the Petitioner is currently licensed and is in good standing to practice in the law of the Commonwealth of Virginia. **See Exhibit 3**.

On May 19, 2017, the Petitioner filed the Motion for Reinstatement as Counsel Pursuant to Federal Rule of Disciplinary Enforcement Rule VII (the "**Bankruptcy Motion**") with the United States Bankruptcy Court for the Eastern District of Virginia, Norfolk Division and on June 15, 2017, the Bankruptcy Motion was granted on the conditions that he (a) certify he remains a member of good standing of the Virginia State Bar and is current on all necessary license fees and Mandatory Continuing Legal Education requirements; (b) read the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Virginia; (c) complete, successfully, the ECF training of the United States Bankruptcy Court for the Eastern District of Virginia; and (d) advise the Clerk's Office of any changes to his professional address and information that is maintained by the Clerk or include a statement in the required certification to be filed with the Court that his information on file is accurate. On June 28, 2017, the Petitioner filed the Certification that conditions for Reinstatement Have Been Met Under Oath of Perjury.

This matter now comes before this Court on the Petition, filed with the Court on June 29, 2020, designated as Docket Item No. 4, by the Petitioner.

Counsel for the Court has reviewed materials from the Petitioner's proceedings before the Virginia State Bar, which include the allegations and a chronology of the relevant events leading up to Petitioner's August 11, 2008 Order of Suspension to practice law in the Commonwealth of Virginia (Docket Item No. 2).

Petitioner has provided undersigned counsel with an affidavit from Charles Havener, Esq., his employer, attesting to the good character of the Petitioner and supporting his request for permission to practice before this Court, which he intends to introduce at the hearing. The affidavit speaks to the Petitioner's competency and learning in the law required for admission to practice before the United States District Court for the Eastern District of Virginia. There does not appear to be any concern on the part of Mr. Havener that granting the Petitioner's request will be determinantal to the integrity and standing of the bar or the administration of justice, or subversive of the public interest. Undersigned counsel has spoken with the Petitioner, Clerk of the Disciplinary System, Mr. Havener, and has reviewed the records with the Virginia State Bar, the relevant documents regarding this matter, including those filed with the Bankruptcy Court.

The Petitioner has indicated that he is prepared to present evidence at the hearing on the Petition, which is scheduled for Friday, August 7, 2020 at 11:00 a.m., if required by the Court, including the presentation of the Affidavit.

### III. Legal Standard

Pursuant to Local Civil Rule 83.1 "[a]ny person who is an Active Member of the Virginia State Bar in good standing is eligible before this Court upon admission."

Rule V II of the FRDE provides the procedure for analysis for petitions seeking reinstatement following disbarment and suspension. Specifically, Rule VII. C. provides that the Petitioner:

> shall have the burden of demonstrating by clear and convincing evidence that he has the moral qualifications, competency and learning in the law required for admission to practice law before this Court and that his resumption of the practice of law will not be detrimental to the integrity and standing of the bar or to the administration of justice, or subversive of the public interest.

FRDE Rule VII. C.

Pursuant to this rule, it is the duty of this counsel to offer evidence, if any, in opposition to the petition. Undersigned counsel has reviewed all the pleadings and filings in this case, the records available online with the Virginia State Bar, the Summary Order entered on August 7, 2008 the Order entered on August 11, 2008, the Order entered by the Virginia State Bar Disciplinary Board entered on March 31, 2015, reviewed a copy of the Virginia Bar Card issued to the Petitioner (on April 10, 2015), reviewed the Petition filed by Petitioner with the United States Bankruptcy Court for the Eastern District of Virginia, Norfolk Division, and the documents submitted in support thereof, the Order Granting the Petitioner's Motion for Reinstatement, Subject to Conditions, entered by the United States Bankruptcy Court for the Eastern District of Virginia, Norfolk Division, and the Certification that Conditions for Reinstatement, presented by the Petitioner to the United States Bankruptcy Court for the Eastern District of Virginia, Norfolk Division, and all related items thereto.

A deposit of costs of the proceeding is required for pursuit of the Petition and the Petitioner has made this deposit with the Court, as evidenced by Docket Item No. 6 and 6-1.

Upon the decision of this Court to reinstate, conditions may be imposed pursuant to FRDE VII. F., including payment of all or part of the costs of the proceedings.

IV. Conclusion

Based on counsel's review of the record in this matter, related documents pertaining to the suspension and reinstatement of the Petitioner with the State Bar and the United States Bankruptcy Court for the Eastern District of Virginia, and information provided by the Petition, counsel respectfully submits that Petitioner, Michael Christopher Bruno, has met the burden of proof that he has the moral qualifications, competency and learning in the law required for admission to practice before this Court and that allowing him to practice before this Court will not be detrimental to the integrity and standing of the bar or the administration of justice, or subversive of the public interest. There has been no evidence to be offered in opposition to the Petition.

Accordingly, counsel recommends that the Petitioner, Mr. Bruno, be permitted to practice before this Court and the United States Bankruptcy Court for the Eastern District of Virginia.

        Respectfully submitted,

        UNITED STATES DISTRICT COURT
        EASTERN DISTRICT OF VIRGINIA

        By:*/s/ Kelly M. Barnhart*
            Kelly M. Barnhart, VSB No. 65246

Kelly M. Barnhart, VSB No. 65246
Roussos & Barnhart, P.L.C.
500 E. Plume St., Ste. 503
Norfolk, VA 23510
Telephone: (757) 622-9005
Telefacsimile: (757) 624-9257
barnhart@rgblawfirm.com

CERTIFICATE OF SERVICE

       I hereby certify that on the 31st day of July, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the Petitioner, Michael Christopher Bruno, Esq., and I further certify that a true copy of the foregoing is being sent, via first-class mail, postage prepaid, this 31st day of July, 2020 to:

Michael Christopher Bruno, Esq.
2021 Cunningham Dr., Ste. 310,
Hampton, VA 23666

                                              */s/ Kelly M. Barnhart*

# Exhibit 1

VIRGINIA:

BEFORE THE VIRGINIA STATE BAR DISCIPLINARY BOARD

IN THE MATTER OF　　　　　　　　　　　　　VSB DOCKET NO. 07-010-070591
MICHAEL CHRISTOPHER BRUNO

ORDER

It appearing to the Board that the license of Michael Christopher Bruno to practice law within the Commonwealth of Virginia was suspended for five (5) years effective August 31, 2008; and

It further appearing that the Clerk of the Disciplinary System has confirmed with appropriate parties that the Respondent is in fact in compliance with the requirements of Rules of Court, Part Six, Section IV, Paragraph 13-25 H.;

It is hereby ORDERED that the license of said Michael Christopher Bruno to practice law within the Commonwealth of Virginia is reinstated, effective March 31, 2015.

It is further ORDERED that an attested copy of this Order be mailed by certified mail to the Respondent, Michael Christopher Bruno, at his address of record with the Virginia State Bar, Michael Christopher Bruno, 3857 Forestwood Court, Virginia Beach, Virginia 23454, and to Richard E. Slaney, Assistant Bar Counsel, Virginia State Bar, 1111 East Main Street, Suite 700, Richmond, Virginia 23219-3565.

ENTERED THIS 31st DAY OF MARCH, 2015

FOR THE VIRGINIA STATE BAR DISCIPLINARY BOARD

*Barbara S. Lanier*
Barbara Sayers Lanier
Clerk of the Disciplinary System

# Exhibit 2



Michael Christopher Bruno
Status: Active
ID Number: 65308
Issued: 04/10/2015

This card is evidence of good standing with the Virginia State Bar as of the date of issuance. To verify a member's good standing, please visit www.vsb.org or contact the Membership Dept. at (804) 775-0530; membership@vsb.org.

# Exhibit 3



## Attorney Records Search

**Notice** - If you need further information contact the clerk of the disciplinary system at clerk@vsb.org

### Disciplinary Actions Taken - Search Results for Michael Bruno

To find more information about any disciplinary actions taken, click on a docket number.
Note: At this time, not all docket numbers have corresponding opinions online.

**Michael Christopher Bruno**
32287 East St
Boykins VA, 23827

*Date:* 8/7/2008
*Type of Action:* Suspension-misconduct Circuit Court
*VSB Docket No.* 07-010-070591

**Status:**
Active In Good Standing

Return to the Attorney Records Search page.

**Related Links:**
Summaries of Recent Disciplinary Actions
Disciplinary Board Docket

Disclaimer: *The attorney search database is updated on a weekly basis. Every effort is being made to keep the material current and accurate. If you find any inaccurate information, please email the Virginia State Bar at clerk@vsb.org.*

About the Bar    Member Information    Public Information    Lawyer Referral    Sections    Professional Regulation    Home